Sneed, J.,
delivered the opinion of the court.
This is an attachment bill. The complainant in January, 1869, became the surety for the defendant on a note for two hundred and fifty dollars due 25th December, 1869. On the 20th April, 1869, he filed this bill quia timet, alleging the said surety-ship and the dissipation and insolvency of the defendant, and praying that an attachment be issued and levied upon the defendant’s stock of groceries, and that the same be subjected to the satisfaction of the debt for which he was so bound as security. Upon the levy and return of the writ, the defendant moved to discharge the attachment, which was done.
Prom this decree the plaintiff has appealed.
The grounds upon which the complainant asked the attachment are set forth in the bill as follows, after stating that since the complainant became so bound *612 as surety, be, “the defendant, bas become dissipated, careless, almost an entire sot — bas become otherwise greatly in debt, and is becoming daily more so, produced by bis daily dissipated babits, and is now utterly insolvent: be charges that he has reasons to believe, and do,es believe, that he, the defendant, toill convey and dispose of his groceries and his articles in his said grocery, in order to defraud his creditors.”
Although the attachment laws are to be liberally construed, so far as they regard the application of the remedy, yet so far as they prescribe the causes for which an attachment may issue, no material departure from the specific requirements of the statute has ever been tolerated by this court. The remedy is in derogation of the common law— Jiarsli and summary in its operation, and very liable to be used as an instrument of injustice and oppression. It was intended as a means of counteracting the devices and machinations of fraud and dishonesty, and in the line of its legitimate mission it is, and it should be, liberally construed and enforced. It was never intended that a debtor pursuing his ordinary avocation, however improvident or thriftless he might be, should have his property seized by attachment, unless he had placed himself beyond all doubt within the provision and meaning of the statute. And even where a clear case is made, by affidavit, if the defendant take issue and traverse the grounds alleged in the affidavit, the burden of proving their verity lies upon the complainant. Nor is the phraseology used in *613 prescribing tlie various grounds upon which, this remedy is allowed, of uncertain or doubtful construction. The words are of the plainest import, and admit of but on,e interpretation.
The bill in this case cannot be sustained as an attachment bill, because neither one of the grounds which the statute prescribe is alleged in the bill. The words that “the complainant believes and has reason to believe that the defendant will convey ancl dispose of his groceries and his articles in said grocery, in orcíér to defraud his creditors,” do not import that he is about fraudulently to dispose of his property. The affidavit must show that the defendant has fraudulently disposed of his property, or that he is about to do so. These words about fraudulently to dispose of his property, import an exigency by which the creditor’s debt is in peril of immediate loss unless this extraordinary remedy is awarded to him. Not an act which may peradventure be done at some future time, but a fraudulent act on the very eve of consummation. The mere opinion of the complainant that the defendant will do a fraudulent act, does not import that he is about to do it — or that the act is about to be done — but that it will be done at some future and indefinite clay. The law requires the allegation of an act, not an intent — an act which though not yet consummated, is presently to be done. '"We do not say that some form of expression might not be adopted which would be equivalent to charging in the words of the statute — but it is safe to give the *614 very words of tbe statute, as tbe meaning of those words is unmistakable. Tbe defendant bas a right to a specific charge, that be may have an opportunity to traverse it. If it be charged that be is about to do an act, be can take issue upon the charge and make bis defense accordingly. But if it be charged that be will do it, upon tbe defendant’s taking issue, how could tbe plaintiff, upon whom tbe burden of proving it lies, establish such a fact? Tbe defendant would scarcely be called upon to defend against tbe mere contingencies and eventualities of tbe future. "We can easily see bow the defendant might be able to show by tbe circumstances that be was not about to dispose of his property fraudulently — but we can scarcely see bow be would be able to make good bis defense that be will not so dispose of it at a future day.
Tbe word “about,” in tbe sense of tbe attachment laws, must be taken in its common acceptation as defined by lexicographers, “ near to in action, ra-near to in tbe performance of some act.” Webs. Die.
We bold that to authorize an attachment, on tbe ground that tbe defendant is about fraudulently to dispose of bis property — tbe charge in tbe affidavit if not in tbe words of tbe statute, must import that defendant is on tbe eve of such fraudulent disposition of bis property — and we are of opinion that tbe charge that tbe defendant will dispose of bis property in order to defraud bis creditors, is not sufficient to authorize the issuance of an attachment. Tbe decree is affirmed.